## PETER FRANSEN v. W. M. ELLER.

### [FILED MAY 18, 1892.]

**Review.** No question of law being involved in the case, and the verdict being supported by the evidence, the judgment is affirmed.

ERROR to the district court for Sheridan county. Tried below before NORRIS, J.

*Thos. L. Redlon,* for plaintiff in error.

*W. H. Westover, W. W. Wood,* and *J. C. Johnston,* contra.

NORVAL, J.

The defendant in error recovered a verdict and judgment in the court below for the the sum of $67.50 for hauling lumber for the plaintiff in error from Ferris's mill, in Sheridan county, to the Pine Ridge Agency. The only error assigned in the brief of counsel is that the verdict is not sustained by the evidence.

Plaintiff in error, in 1887, contracted with the government to furnish and deliver at the Pine Ridge Agency 400,000 feet of lumber. He also entered into an agreement with one Oliver Ferris, who owned a saw-mill in Sheridan county, to deliver at the agency on the contract 100,000 feet. It is uncontradicted that Eller hauled from Ferris's mill to the agency nearly 16,000 feet, which was applied on Fransen's contract, and that the customary and reasonable price for hauling at that time was $4 per thousand feet. The contention of the plaintiff in error is that he never contracted with Eller to haul any lumber for him, but that the hauling was done on Ferris's contract and for Ferris.

Fransen v. Eller.

Wm. M. Eller, the defendant in error, testified that in September, 1887, Mr. Fransen came along the road where witness and his son were cutting corn, when Mr. Eller inquired of Mr. Fransen if he had the contract to deliver 400,000 feet of lumber to the Pine Ridge Agency, and upon receiving an affirmative answer, witness informed him, that as he was unable to find out at Rushville whether Ferris was responsible or not, he had made up his mind nót to haul any lumber for him, but if Fransen would pay witness he would haul for him.   To this Fransen replied, "All right, go ahead, and I will pay you for all you can haul."   Witness then promised to do so.   The testimony of E. C. Eller fully corroborates his father's as to the contract and conversation.   There is also testimony tending to show that after the hauling was done Fransen repeatedly acknowledged the contract and promised to pay defendant in error.   In view of the testimony, it cannot be successfully maintained that the verdict is unsupported by the evidence.   True, Fransen denied under oath the conversation testified to by Eller and his son, yet the jury having passed upon the conflicting testimony, we must regard the facts thus found by them as established.   The verdict was for the full amount of the claim, with interest.

There is no merit in the proposition that the suit was prematurely brought.   The money was due on demand as soon as the labor was performed.   It is immaterial that Fransen has not yet been paid by the government.   We fail to find any testimony that defendant in error agreed to wait for his pay for hauling the lumber until Mr. Fransen received his money from the United States.   It is inconsistent to claim such was the agreement, and at the same time insist that there was no contract between plaintiff and defendant for hauling lumber.   Judgment

AFFIRMED.

THE other judges concur.